THE FOWLER COMPANY, *et al.*, Appellants, v. ALICE
McDONNELL, *et al.*

**Fraudulent Conveyance: CHATTEL MORTGAGE.** A note for two hundred dollars, given by a husband to his wife, for money loaned by her before they were married, was renewed by a note for five hundred dollars, which was, in turn, replaced by one for one thousand dollars; each renewal note being for the principal and interest for the prior note, with credits claimed by the wife on sales of dairy products. The husband subsequently purchased merchandise from plaintiffs, and, while indebted to them, gave a chattel mortgage on the goods to his wife to secure the note for one thousand dollars, and another note given to her in payment of a loan which she procured by mortgaging a homestead which her father had given her. *Held*, that the mortgage was not fraudulent as to plaintiff, and this, though defendants fail to show, that each renewal was made for a liability which the wife could have enforced to the full amount of the new note.

**Estoppel: HUSBAND AND WIFE.** A wife who held notes against her husband at the time of property statements made by the latter, for the purpose of obtaining credit, which omitted all reference to the notes held by her, and held said notes at the time of his verbal statement that he did not owe his wife anything, is not estopped to deny the truth of such statements, where she did not know of, nor authorize them.

*Appeal from Chickasaw District Court.*—HON. A. N.
HOBSON, Judge.

WEDNESDAY, JANUARY 20, 1897.

ACTION in equity for the cancellation of a chattel mortgage alleged to be fraudulent, and to have established claims of the plaintiffs against the mortgaged property. After a hearing on the merits, the district court dismissed the petition, and rendered judgment in favor of the defendants for costs. The plaintiffs appeal.—*Affirmed.*

*Burns & Sullivan, F. F. Swale,* and *Sullivan & Longley* for appellants.

*Springer & Clary* and *J. R. Bane* for appellees.

ROBINSON, J.—On the twelfth day of February, 1895, the plaintiffs, the Fowler Company and Rider-Wallis Company, were creditors of the defendant Alexander McDonnell. He was then in the business of retailing merchandise at New Hampton, Iowa, and had been so engaged for one or two years. The debts due to the plaintiffs were contracted for merchandise he purchased of them. On the day specified, an agent of one of the plaintiffs called on McDonnell at his place of business, for a statement of the amount due his principal. After some conversation, McDonnell went out and executed to his wife and co-defendant, Alice McDonnell, a mortgage on all of his stock of merchandise and book accounts. The property mortgaged included about all he owns which is subject to execution, and he is insolvent. After the mortgage was given, the plaintiffs commenced actions against McDonnell to recover the amounts due them. The actions were aided by attachments, which were levied upon the mortgaged stock of merchandise, and a receiver was afterwards appointed, on the application of the plaintiffs, who took possession of the attached property, and has sold nearly all of it. The plaintiffs ask that the chattel mortgage be adjudged to be fraudulent and void as against them, that it be canceled, that their lien be established against the property, and that the receiver be required to pay to them the proceeds of the attached property.

The mortgage in controversy was given to secure the payment of two promissory notes, made by McDonnell to his wife, which were originally made payable on demand, but were extended to February 15, 1895,

One was dated November 16, 1892, and was for the sum of one thousand dollars. The other was dated February 15, 1894, and was for the sum of five hundred dollars. The defendants were married to each other in the year 1876. Prior to that time the defendant, Alice, loaned to her co-defendant sums of money at different times to the amount of about one hundred and fifty dollars. She had earned the money by teaching school, and in other ways. Three years after their marriage, McDonnell gave to his wife, for the money he had received of her, and interest, a note for two hundred dollars. In the year 1886, that note was taken up, and a new one, for five hundred dollars, was given, and in the year 1892, that note was replaced by the one thousand dollar note which the mortgage in controversy was in part given to secure. Each renewal note was given for the amount of the one it replaced, including interest, and for various credits which the wife claimed on account of dairy products and poultry sold, and perhaps for money obtained from other sources. The plaintiffs attack the various notes given on the ground that the claims made in regard to them are unreasonable, and that a full consideration for each note is not shown. The statements of the husband and wife in regard to the transactions out of which the notes grew, and the consideration for which they were given, were made as witnesses for the plaintiffs, and are not in any manner contradicted. It may be that the defendants do not show that each renewal note was given for a liability of the husband which the wife could have enforced to the full amount of the new note. In view of the length of time which has elapsed since some of the notes were given, it is not strange if they cannot do so. But, when the notes were given, the husband was not indebted to either of the plaintiffs, and, so far as is shown, no one could have been prejudiced by his

giving the notes, even if they were, in part, without a valuable consideration.    It does not appear that they were given with any purpose to defraud persons who might thereafter become creditors of the husband, and a gift made in good faith to the wife at that time would have been valid as against subsequent creditors. The five hundred dollar note, secured by the chattel mortgage in-question, was given in payment of a loan which the wife procured for the benefit of the husband, by giving a mortgage on the homestead which her father had given to her.    Although some of the statements made by the defendants, in regard to the notes, are conflicting, we are of the opinion that the plaintiffs have failed to show that either of the notes in question is invalid, or that there is any ground for setting aside the mortgage in controversy.

It is claimed by the appellants that Alexander McDonnell made to them property statements for the purpose of obtaining credit which omitted all reference to the notes held by the wife, and that, on at least one occasion, he said to an agent of one of the plaintiffs that he did not owe his wife anything.    These claims are denied by McDonnell, but, if they were true, they would not prejudice the rights of the wife for the reason that she did not authorize nor know of the alleged statements, and is not in any manner estopped to deny their truth.    We conclude that the plaintiffs have failed to show themselves entitled to any relief, and the judgment of the district court is AFFIRMED.